IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES DEAN JONES,** | : | |
| **Plaintiff,** | : | |
| V. | : | NO. 5:22-cv-00425-TES-MSH |
| **SHANNON MOSLEY,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER OF DISMISSAL

Plaintiff James Dean Jones, a prisoner in Central State Prison in Macon, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. On preliminary review of Plaintiff's complaint, the United States Magistrate Judge ordered Plaintiff to recast the complaint if he wanted to proceed with this action. Plaintiff has now filed a recast complaint, which is ripe for preliminary review. On that review, the Court now **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations

in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003).

II.     Plaintiff's Allegations and Order to Recast

In his original complaint, Plaintiff made broad, conclusory assertions that the defendants, Priyanka Banks and Shannon Mosley, had falsely imprisoned him, fed him poison, denied him health care, stolen from him, harassed him, and discriminated against him. Compl. 5, ECF No. 1. On review of the complaint, the United States Magistrate Judge found that these general allegations did not state a claim for relief but gave Plaintiff an opportunity to file a recast complaint. Order to Recast Compl. 3-4, ECF No. 13. In so doing, the Magistrate Judge gave Plaintiff specific directions to clearly allege what the defendants did or did not do to violate his constitutional rights. *Id.* at 4.

In his recast complaint, Plaintiff alleges only that Central State Prison, Rutledge State Prison, and Phillips State Prison failed to release Plaintiff "to the custody of a TC for pre-release parole" after Plaintiff completed a program. Recast Compl. 5, ECF No. 15. Plaintiff goes on to state that he was "granted [his] interstate compact rights." *Id.* The only thing that Plaintiff says about defendant Shannon Mosley[1] is in his statement regarding potential witnesses, where he says that Counselor Ware told Plaintiff that Mosley

---

[1] Plaintiff does not include Priyanka Banks as a defendant in the caption or list of defendants on his recast complaint.

and her cousin were falsifying charges against others on the internet. *Id.* at 6. Plaintiff provides no explanation as to what he means by this. *See id.*

Plaintiff does not set forth any allegations showing that Mosley took any particular action against him, much less that she violated his constitutional rights in any way. Thus, Plaintiff's complaint does not state a claim against Mosley. Moreover, Plaintiff makes only a broad allegation that he was not released from prison on his completion of a program, but this allegation also does not demonstrate that anyone violated Plaintiff's constitutional rights. Finally, the only relief that Plaintiff appears to be seeking through this action is release, which is not available in a 42 U.S.C. § 1983 case. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Therefore, Plaintiff's complaint does not state a claim upon which this Court may grant relief. Accordingly, the Court now **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 26th day of July, 2023.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**